# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**PATRICIA M. JUSTICE (DEAN),**

    **Plaintiff,**

vs.                                                                                                                     **Civ. No. 01-686 JP/WWD**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

    1. This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing ("Motion") **[Doc. 7]**, filed January 18, 2002. Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Social Security Disability benefits ("SSD").

    2. On August 6, 1997, Plaintiff applied for benefits, alleging a disability which commenced January 10, 1995 due to "neck problems resulting from [an] auto accident" and a "herniated disc." Tr. at 61, 70. Plaintiff, currently age 51, has a bachelor's degree in business and has worked in the past as a technical writer and secretary. Tr. at 73.

    3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

4. Plaintiff raises the following allegations of error with respect to the ALJ's decision: (1) the ALJ failed to apply the treating physician rule, and (2) the ALJ's analysis at step four of the sequential evaluation process was contrary to the evidence and the law. Pl.'s Mem. in Support of Mot. **[Doc. 8]** at 2-3.

5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson, 987 F.2d at 1486 (citing 42 U.S.C. §423 (d)(1)(A)). Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted). In this case, the ALJ determined that Plaintiff was not disabled at step four of the sequential analysis.

6. Plaintiff, Patricia Justice Dean, alleges disability due to injuries sustained in a motor vehicle accident that occurred in December 1993. Tr. at 36. Plaintiff's complaints include neck and jaw pain. Id. Consulting physician, Dr. Eva Pacheco noted that the Plaintiff "has received biofeedback, chiropractic manipulation, and acupuncture, as well as formal physical therapy." Tr. at 179. In addition, Plaintiff has received "trigger point injections" from both Dr. Clifford (dentist), and Dr. Jonathan Burg. Tr. at 167, 170-71, 225. Dr. Burg has prescribed cervical epidural injections for both diagnostic and therapeutic purposes, and a gym membership "to prevent muscle atrophy and control pain." Tr. at 161, 163, 258. On June 3, 1999, Plaintiff indicated that she was taking non-prescription pain relievers. Tr. at 126. Plaintiff testified that she has taken anti-inflammatory medication, hydrocodone and percocet, "but [the] pain killers

2

didn't phase the pain." Tr. at 301.

*First Alleged Error - Treating Physician Rule*

7. "A treating physician's opinion must be given substantial weight unless good cause is shown to disregard it." Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289-90 (10th Cir. 1995) (citing Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)). Furthermore, "[w]hen an ALJ decides to disregard a medical report by a claimant's physician, he must set forth 'specific, legitimate reasons' for his decision.[1] Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Miller v. Chater, 99 F.3d 972, 976 (10th Cir.1996)).

8. In 1995, one of Plaintiff's treating physicians, Jonathan Burg, M.D., wrote two notes excusing Plaintiff from jury duty "due to neck injury and neck pain," and noted that Plaintiff's "neck condition [] would preclude [her] from sitting for more than 3 hours a day." Tr. at 259-60. The ALJ discounted Dr. Burg's opinion, because she found it to be "short, conclusory and without objective basis in the record." Tr. at 37. Had these two notes been the only opinions provided by Dr. Burg, the ALJ may have provided legitimate reasons for rejecting them. However, the record before the ALJ indicated that Dr. Burg treated Plaintiff over a period of time from August 25, 1995 through June of 1997. Tr. at 175, 151. During this time, Dr. Burg documented many of the Plaintiff's complaints and recorded his examinations, assessments and

---

[1] In addition, "there are several specific factors the ALJ must consider, including: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion." Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir.1995)).

treatment of her condition.

9. For example, on August 25, 1995, Dr. Burg stated that "a herniated disc in the [Plaintiff's] cervical spine [] explains her left sided neck and shoulder pain." Tr. at 176. On September 22, 1995, Dr. Burg noted that somatosensory evoked potentials [SEPs] "show[ed] an irritative radiculopathy[2] at the lower cervical level." Tr. at 174. On July 12, 1996, Dr. Burg interpreted the results of Plaintiff's cervical epidural steroid injections as "a positive diagnostic trial . . . indicat[ing] that much of her discomfort, chronic pain, range of motion deficits, etc., are stemming from the disk herniation." Tr. at 161. On September 26, 1996, Dr. Burg noted that "the MRI still shows the disk herniation . . . . and a disk bulge at C5-6." Tr. at 156. Dr. Burg further noted that although Plaintiff's "symptoms have decreased . . . they are certainly still there and that is explained by the disk and her secondary muscular component." Id.

10. Therefore, while Dr. Burg's 1995 note states only that Plaintiff's "neck condition" prevents her from sitting for more than three hours, Dr. Burg's other medical records explain the basis of that opinion. Considered in light of his entire medical file, Dr. Burg's opinion that Plaintiff's neck condition limited her ability to sit was not "short, conclusory and without objective basis in the record." Consequently, the ALJ's rejection of Dr. Burg's opinion on this basis was error. This matter should be remanded so that the ALJ may reconsider the opinion of Dr. Burg regarding Plaintiff's limitations.

11. Because this matter is being remanded for reconsideration of Dr. Burg's opinion contained in the notes excusing the Plaintiff from jury duty, the ALJ should also consider Dr.

---

Radiculopathy is "disease of the nerve roots." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1109 (26th ed. 1981).

Burg's "Medical Assessment of Ability to do Work-Related Activities," dated January 7, 2000. Tr. at 16. In addition, the ALJ should consider other opinions received subsequent to the ALJ's decision of October 19, 1999. See, e.g., tr. at 24 (letter from Lance Rudolph, M.D. to Gary Martone). The Court does not dictate any particular result upon remand. The Court requires only that the ALJ appropriately evaluate the opinions of a treating physician, and provide specific, legitimate reasons when he or she disregards such an opinion. The ALJ shall proceed accordingly in light of any new findings.

*Second Alleged Error - Step Four Analysis*

12. Step Four requires a determination as to whether a claimant is able to return to past relevant work. There are three phases of analysis required of the ALJ at step four. "In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity . . . and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work . . . . [and finally,] the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996) (citations omitted). "At each of these phases, the ALJ must make specific findings." Id.

13. Here, the ALJ found that Plaintiff had the residual functional capacity to perform sedentary work and "a limited range of light work." Tr. at 37. In reaching this finding, the ALJ apparently relied in large part on the statements and opinions of Oren H. Ellis, M.D., Eva C. Pacheco, M.D., and Melvin L. Golish, M.D.[3] Tr. at 37-38. The ALJ also relied on the testimony

---

[3] I note that none of these physicians was a treating physician, and Dr. Pacheco was the only one of the three who examined the Plaintiff. See, e.g., Drapeau v. Massanari, 255 F.3d 1211, 1214 (10th Cir. 2001) (citing Frey v. Bowen, 816 F.2d 508, 515 (10th Cir.1987) ("The

5

of a vocational expert ("VE") in determining that Plaintiff was capable of performing her past relevant work. Tr. at 38.

14. As noted above, the ALJ applied incorrect legal standards by failing to properly consider Dr. Jonathan Burg's opinion with respect to Plaintiff's limitations. This error, along with other evidence to be considered by the ALJ, potentially affects the ALJ's findings at all three phases of the step four analysis. Thus, on remand, the ALJ should reassess her analysis at step four in light of any new findings resulting from a reconsideration of the opinions of Plaintiff's treating physicians.

**Recommended Disposition**

I recommend that Plaintiff's Motion to Reverse and Remand for a Rehearing **[Doc. 7]** be granted. This matter should be remanded for further proceedings consistent with this opinion, to include:

(1) a reconsideration of the opinion of Dr. Jonathan Burg (including the "Medical Assessment of Ability to do Work-Related Activities," dated January 7, 2000) and other opinions received subsequent to the ALJ's decision; and

(2) a reassessment of the step four analysis in light of any new findings resulting from a reconsideration of the evidence described above.

---

findings of a nontreating physician based upon limited contact and examination are of suspect reliability.").

Timely objections to the foregoing proposed findings and recommended disposition may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
UNITED STATES MAGISTRATE JUDGE