IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PATRICIA M. JUSTICE (DEAN),**

      **Plaintiff,**

vs.                                                                                                             Civ.  No. 01-686 JP/RLP

**JO ANNE B. BARNHART,**
**Commissioner Social Security,**

      **Defendant.**

## MAGISTRATE JUDGE'S RECOMMENDATION REGARDING AWARD OF ATTORNEY FEES PURSUANT TO 42 U.S.C. §406(b)(1)[1]

**THIS MATTER** comes before the court on Plaintiff's Motion for an award of Attorneys Fees pursuant to 42 U.S.C. §406(b)(1).  Plaintiff seeks an award of Seven Thousand Six Hundred Sixty Dollars ($7,660.00)[2], in compensation for 17.1 hours of legal services provided by her attorneys before this court.

Plaintiff filed her application for disability income benefits on August 6, 1997.  The application was denied at all administrative levels.  A complaint was filed in this court on June 15, 2000 ("Court Proceeding").  The court reversed the administrative denial on August 19, 2002 and remanded for

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1) file written objections to such proposed findings and recommendations.  A party must file any objections within the ten (10) day period if that party seeks appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

[2] In her Motion for Order Authorizing Attorney Fees, Plaintiff's attorneys originally sought $9,000 in payment for time and expenses related to two Applications for benefits, one of which did not proceed past administrative review.  [Docket No. 21].  While this matter has been pending, Plaintiff amended her request to $7,660.  [Docket No. 27].  Only the Commissioner of Social Security has the authority to award attorney fees for matters that are decided exclusively at the administrative level.  42 U.S.C. §406(a).  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 793-794, 122 S.Ct. 1817, 1820-1821 (2002).  Accordingly, I will consider whether the fee request of $7,660.00 is reasonable given the result attributable to the Court Proceeding.

further proceedings. Plaintiff was found disabled. In a letter dated December 16, 2003 she was awarded past due benefits in the amount of $45,578.00. [Docket No. 21, Ex. C, p.1].

Plaintiff represents that her attorneys will reimburse to her the sum of One Thousand Five-Hundred Forty-four and 74/100 Dollars ($1,544.74), the amount of fees previously awarded under the Equal Access to Justice Act, less costs advanced and State of New Mexico Gross Receipts Tax. [Docket 21].

The Defendant objects to the amount of fees requested, contending the fee requested is excessive. [Docket No. 26]. She asserts that the maximum fee awarded should be no more than $6,165.75, representing $360.57 per hour for 17.1 hours of work.

## Discussion

The court has authority to award fees arising from time expended by attorneys in actions pending in Federal Court. 42 U.S.C. §406 (b).

Plaintiff and her attorneys have a contingency fee agreement, whereby Plaintiff has agreed to pay her attorneys 25% of past due benefits received. Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 793-794, 122 S.Ct. 1817, 1828 (2002). A court may exercise its discretion to reduce an attorney's contractual recovery based on the character of the representation and the result achieved. *Id*. For example, if an attorney is responsible for delay, a reduction may be in order to prevent the attorney from profiting from the accumulation of benefits during the case's pendency. *Id.* In addition, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* To prevent windfalls for attorneys and assist the reviewing court in making a reasonableness determination, the

court may require the attorney to submit a record of the hours spent on the case and a statement of the normal hourly rates charged. *Id.*

Given the recovery of $45,478.00 in past due benefits, the ceiling mandated by statute for past due benefits is $11,369.50, for representation before the Social Security Administration and this court.  Plaintiff's attorneys represent that they have submitted a fee request in the amount of $5000.00 to the Albuquerque Office of Hearings and Appeals.  A user fee of 6.3% will be deducted from this amount, resulting in a net fee to her attorneys of $4,685.00.  Therefore, the maximum that can be awarded by this court, and still be under the 25% ceiling, is $6,684.50.

Plaintiff's attorneys provided quality representation and were not responsible for any delay in the resolution of this matter.

The only issue to be decided is whether the amount of benefits is so large in comparison to the time expended that a reduction of the fee request is in order.  An award of $6,684.50 translates to an hourly fee of $390.91.  This is within the range of other fee awards in this District. *See Jaramillo v. Barnhart,* CIV 00-1208 JP/DPS (award of $10,000 for 22.3 hours, or $448.43 per hour); *Ortiz v. Barnhart,* CIV 00-1694 JP/RLP ( hourly fee of $434.78 awarded); *Garcia v. Barnhart,* CIV 97-1160 JP/DJS (hourly fee of $232.12 awarded);*Encinias v. Barnhart*, CIV 00-039 JC/LFG (hourly fee of $360.57 awarded);  *Gibb v. Apfel,*  CIV 00-871 MV/LFG (hourly fee of $344.82 awarded); *McBride v. Barnhart*, CIV 02-0027 MV/DJS (requested fee of $476.19 per hour reduced to $360.57 per hour).

### Recommended Findings

The court, having reviewed the file and being otherwise fully advised, **FINDS** as follows:

(1)   Plaintiff's attorneys are  entitled to an award of attorneys fees pursuant to 42 U.S.C.

§406(b);

(2) Fees awarded pursuant to 42 U.S.C. §406(b), when combined with fees paid or payable by the Commissioner pursuant to 42 U.S.C. §406(a), may not exceed 25% of past due benefits;

(3) Plaintiff was awarded $45, 578.00 in past due benefits;

(4) Fees awarded by this court pursuant to 42 U.S.C. §406(b), when combined with fees paid or payable by the Commissioner pursuant to 42 U.S.C. §406(a), may not exceed $11,369.50.

(5) Plaintiff's attorneys have or will receive from the Commissioner the net amount of $4,685 pursuant to 42 U.S.C. §406(a);

(6) In light of the award paid or payable pursuant to 42 U.S.C. §406(a), the maximum fee that can be paid to Plaintiff's attorneys pursuant to 42 U.S.C. §406(b) is $6,684.50;

(7) Plaintiff's attorneys provided quality representation and were not responsible for any delay in the resolution of this matter;

(8) The amount of benefits paid to Plaintiff was not so large in comparison to the time expended by her attorneys as to require a further reduction of fees

## Recommended Disposition

For these reasons, I recommend that the Martone Law Firm be awarded fees in the amount of Six Thousand Six Hundred Eighty-Four and 50/100s Dollars ($6,684.50) for services rendered to Plaintiffs in this court.

I further recommend that the Martone Law Firm reimburse to Plaintiff the sum of One Thousand Five Hundred Forty-four and 74/100 Dollars ($1,544.74) representing fees previously

awarded under the Equal Access to Justice Act, less costs advanced and State of New Mexico Gross Receipts Tax.

                                                **Richard L. Puglisi**
                                                **United States Magistrate Judge**